```
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DOLORES FRAZIER,                    :    CIVIL NO. 1:09-CV-438
                                    :
         Plaintiff,                 :    (Judge Conner)
                                    :
    v.                              :
                                    :    (Magistrate Judge Carlson)
COMMONWEALTH OF                     :
PENNSYLVANIA,                       :
DEPARTMENT OF CORRECTIONS,          :
STATE CORRECTIONAL                  :
INSTITUTION AT CAMP HILL, BY        :
ITS AGENTS AND OFFICERS             :
         Defendant,                 :
```

**REPORT AND RECOMMENDATION**

I.  **Statement of the Case**

This is a civil rights action brought by Dolores Frazier, a state correctional employee, seeking damages and other relief as a result of alleged discrimination based upon her race, gender and disability while she was employed as a correctional officer. The plaintiff's complaint, which was filed on March 9, 2009, details at great length in 27 separate paragraphs factual averments in support of this alleged discrimination, describing various alleged acts of discrimination spanning from March 22, 2004 through the summer of 2008. Yet, while the complaint is far-reaching in its factual averments, it narrowly defines the parties to this litigation, identifying the defendants solely as "the Commonwealth of Pennsylvania, Department of Corrections, State Correctional Institute at Camp Hill". (Complaint ¶ 5(a)). Having only identified

"the Commonwealth of Pennsylvania, Department of Corrections, State Correctional Institute at Camp Hill" as defendants, the plaintiff alleges in four counts that she is entitled to damages and other relief from the Commonwealth under 42 U.S.C. §§ 1981 and 1988 (Count I); 42 U.S.C. §§2000(e), 1981 and 1988 (Count 2), and the Pennsylvania Human Relations Act, 42 Pa.C.S.A. §§951 (Counts 3 and 4).

The Commonwealth has filed a motion, styled motion for partial judgment on the pleadings. In this motion the Commonwealth's principal contention is that the complaint's focus on this single, state defendant is singularly inappropriate under federal law. Frazier has responded to this motion, and this matter is now ripe for decision. For the reasons set forth below we agree that statutory and constitutional considerations bar the plaintiff from seeking damages in federal court from the Commonwealth of Pennsylvania under several counts of this complaint. Therefore, we recommend that the motion be granted, in part, and that Frazier be given leave to amend her complaint.

**II. Discussion**

    **A. Rule 12(b)(6)- The Legal Standard.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure, which governs motions to dismiss like the motion lodged by the Commonwealth defendants in this case, provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). With respect to this

benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has recently aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal -U.S.-, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, –F.3d–, 2009 WL 2501662, at 7 (3d Cir. August 18, 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983) As the Supreme

-3-

Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court recently underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. at 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950 .

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.

Fowler v. UPMC Shadyside, –F.3d–, 2009 WL 2501662, at 8 (3d Cir. August 18, 2009).

In our view, these heightened pleading standards apply to all aspects of the Court's threshold analysis of a complaint's legal sufficiency. Thus, we will apply this analysis both when assessing the adequacy of the factual assertions set forth in the complaint, and when examining whether a complaint names proper parties to the lawsuit.

**B. The Plaintiff May Not Maintain An Action For Damages Against the Commonwealth of Pennsylvania and its Agencies Under 42 U.S.C. § 1981 or the Pennsylvania Human Relations Act, 42 Pa.C.S.A. §§ 951, et seq.**

In this case, the defendants' motion for partial judgment on the pleadings initially addresses a fundamental requirement of any plaintiff seeking to maintain a lawsuit; namely, the capacity of the plaintiff to actually bring an action against the named defendants she has elected to sue. In the context of civil rights litigation in federal court there are both constitutional and statutory dimensions to this threshold legal requirement.

First, as a matter of constitutional law, the Eleventh Amendment to the Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the . . . States . . . .", U. S. Const. Amend XI. By its terms, the Eleventh Amendment strictly limits the power of federal courts to entertain cases brought by citizens against the state and state agencies. Pursuant to the Eleventh Amendment, states and state agencies are generally immune from lawsuits in federal courts brought against them by citizens. Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996). This broad grant of immunity from damages claims in federal court admits of only two exceptions: First, a state can waive its immunity, See Alden v. Maine, 527 U.S. 706, 755 (1999), or, second, Congress can expressly abrogate that state immunity, provided that Congress "both unequivocally intends to do so and acts pursuant to

a valid grant of constitutional authority." Bd. of Trustees of the Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001).

In this case, the Commonwealth argues that, to the extent that Frazier seeks damages under either 42 U.S.C. § 1981, or the Pennsylvania Human Relations Act, 42 Pa.C.S.A. §§ 951, Pennsylvania has not waived its constitutional immunity from suit for damages and Congress has not expressly abrogated this immunity[1]. Therefore the Commonwealth asserts that these damages claims must be dismissed.

We agree. At the outset, to the extent that Frazier seeks to assert an independent legal right to pursue damages against state actors pursuant to 42 U.S.C. § 1981, that path is foreclosed by McGovern v. City of Philadelphia, 554 F.3d 114 (3d Cir. 2009). McGovern involved precisely the issue raised by the § 1981 damages claims set forth in Counts I and II of Frazier's complaint; namely, whether, 42 U.S.C. §1981, standing alone, provides a private right of action for damages against state actors. In terms that are equally applicable here, the court rejected this claim holding:

> It is not the province of a federal court to confer rights where statutory language is silent, or to 'engraft a remedy on a statute, no matter how salutary, that Congress did not intend to provide.' Congress, in promulgating § 1983 over a century ago, established that section as the exclusive remedy for violations of § 1981 by state actors. Nothing in the subsequent history, including the amendments to the 1991 Act, changed that remedial scheme.

---

[1]The Commonwealth concedes in its brief that the plaintiff may still be able to pursue injunctive relief against the state. Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). (Defendants' brief at 5.)

> "[W]hatever the limits of the judicial power to imply or create remedies, it has long been the law that such power should not be exercised in the face of an express decision by Congress concerning the scope of remedies available under a particular statute."

McGovern, 554 F.3d at 121-122 (citations omitted). Instead the McGovern court concluded that "because Congress neither explicitly created a remedy against state actors under § 1981(c), nor expressed its intent to overrule [prior Supreme Court caselaw], we hold that 'the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units.' " McGovern, 554 F.3d at 121(citations omitted).

McGovern makes clear that Frazier must rely upon § 1983 to pursue damages for any violation of rights secured under 42 U.S.C. § 1981. However, it is equally clear that Frazier cannot rely upon § 1983 to bring a damages action against the Commonwealth of Pennsylvania since it is well-settled that a state, or state agency, is not a "person" within the meaning of 42 U.S.C. §1983. Will v. Michigan Department of State Police, 491 U.S. 58 (1989). Therefore as a matter of statutory interpretation, Frazier may not rely upon § 1983 to maintain this cause of action against the Commonwealth. Furthermore, the immunity conferred upon the states by the Eleventh Amendment also precludes Frazier as a matter of federal constitutional law from maintaining this damages action against the state under § 1983. See e.g., Quern v. Jordan, 440 U.S. 332, 342

(1979); Edelman v. Jordan, 415 U.S. 651, 663 (1974). Thus, to the extent that Frazier seeks in Count I and Count II of her complaint to rely upon 42 U.S.C. §§ 1981 or 1983 to pursue a claim for damages against the Commonwealth of Pennsylvania, her claims must be dismissed.

Similarly, Frazier's claims for damages brought under the Pennsylvania Human Relations Act, 42 Pa.C.S.A. §951, also run afoul of the Eleventh Amendment. As we have noted, the Commonwealth's immunity exists as a matter of law unless waived by the state, or expressly and unequivocally abrogated by Congress. Congress has not expressly abrogated this constitutional immunity with respect to federal lawsuits under this particular state statute, and the Commonwealth clearly has not waived its immunity. Quite the contrary, The Commonwealth has specifically by statute invoked its Eleventh Amendment immunity in 42 Pa.C.S.A. §8521(b). While Pennsylvania has, by law, waived sovereign immunity in limited categories of cases brought against the Commonwealth in state court, See 42 Pa.C.S.A. §8522, Section 8521(b) flatly states that: "Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." 42 Pa.C.S.A. §8521(b).

Given this unambiguous language, it has consistently been held that the Eleventh Amendment prohibits pursuit of private damages lawsuits against the Commonwealth in federal court under the

Pennsylvania Human Relations Act. See e.g., Patterson v. Pa. Office of Inspector General, 243 F.App'x. 695, 696 (3d Cir. 2007); Clayton v. Pa. Dep't of Public Welfare, No. 4:05-CV-0768, 2007 WL 575677, *5-6 (M.D. Pa. Feb. 27, 2007) (Jones, J.), aff'd, 304 F. App'x. 104 (3d Cir. 2008); Kerstetter v. Pa. Dep't of Corrections, No. 4:08-CV-1984, 2009 WL 1256908, *4 (M.D.Pa. May 5, 2009) (McClure, J.); DeGroat v. Pa. Dep't of Transp., No. 3:08-CV-463, 2009 WL 793027, *2 (M.D. Pa. March 24, 2009) (Munley, J.). Accordingly, Frazier's claim for damages against the Commonwealth of Pennsylvania under the Pennsylvania Human Relations Act, 42 Pa.C.S.A. §§ 951, must also be dismissed.

Frazier's rejoinder to this legal argument does not seriously contest the application of these settled constitutional precepts. Instead, Frazier simply suggests that the Court should read her complaint as naming some 12 individuals as defendants in this case, instead of the Commonwealth. (Plaintiff's Brief at 3.) There are several difficulties with this assertion that the Court should constructively amend Frazier's pleadings in this fashion.

First, Frazier's proposal ignores the fact that it is the plaintiff's responsibility to identify the persons and entities she chooses to sue. Thus, while the plaintiff may be correct that this complaint could be amended to charge other currently unidentified individual actors as defendants, the Court will not speculate regarding which individuals Frazier is now suggesting should be named as defendants. Rather, responsibility for those litigative

decisions rests with exclusively with Frazier and her counsel. Second, this suggestion ignores the fact that the actual, named defendants chosen by Frazier, "the Commonwealth of Pennsylvania, Department of Corrections, State Correctional Institute at Camp Hill" are legally inappropriate and must be dismissed from this case. In short, it is no response to this motion to dismiss the Commonwealth from this lawsuit to imply that there exist other, still unnamed, valid defendants in this case. Finally, Frazier's argument ignores a basic tenet of our legal system: the concept of individual accountability for alleged wrongdoing, and a right to individual treatment under the law. The other, presently unnamed defendants about whom Frazier has speculated are entitled to have their legal responsibility individually assessed, and must be permitted the opportunity to raise individual legal and factual defenses in this case. Therefore, in the absence of a proper motion to amend the complaint, the Court should not constructively amend this complaint to add parties that Frazier has not, to date, chosen to name as individual defendants. [2]

---

[2] We recognize that in civil rights cases plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety. See Fletcher-Hardee Corp. V. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007). However, a district court may refuse to grant further leave to amend on a variety of grounds including undue delay or futility. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, since it is not recommended that the plaintiff's complaint be dismissed in its entirety, it is recommended that the plaintiff be afforded leave to amend her pleadings, provided that she acts without undue delay.

### C. The Plaintiff Cannot Sustain a Claim Under 42 U.S.C. §2000e Based Upon Alleged Discrimination Against the Plaintiff Due to a Disability or Handicap.

Finally, in its motion for partial judgment on the pleadings, the Commonwealth advances one other argument. In Count II of her complaint, Frazier cites the Civil Rights Act of 1964, 42 U.S.C. §2000e, and contends that she is entitled to damages from the Commonwealth because: "Plaintiff was discriminated against under federal law as a consequence Defendants' perception of her 'handicap' condition and need for job-related accommodation because of her race (African American), based upon her gender, and in retaliation for her complaints concerning her discriminatory treatment and workplace conditions." (Complaint, Count II, ¶ 39). The Commonwealth concedes that the Civil Rights Act of 1964, 42 U.S.C. §2000e (Title VII) applies to the state as an employer, and acknowledges that Title VII forbids discrimination in employment, based upon race, gender or national origin. However, the Commonwealth contends that Title VII does not provide a cause of action based upon discrimination against the plaintiff due to her perceived disability or handicap.

The Commonwealth is correct in noting the limited scope of Title VII. This statute "prohibit[s] discrimination in employment against members of certain classes." Patterson v. AFSCME # 2456, No. 08-2597, 2009 WL 784235 *3 (3d Cir. March 26, 2009); Antol v. Perry,

82 F.3d 1291, 1299 (3d Cir. 1996). Those protected classes are defined by statute to include only persons who are subjected to employment discrimination based on an "individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. No provision of Title VII addresses discrimination on the basis of an individual's perceived disabilities. Consequently, it has repeatedly been held that disability discrimination claims may not be brought under Title VII. See, e.g., Fleeger v. Principi, 221 F.App'x. 111, 114-15 (3d Cir. 2007); Brown v. Chertoff, No. 2005-109, 2009 WL 530550, *3 (D.V.I. Feb. 27, 2009); Washburn v. Harvey, 504 F.3d 505, 508 (5th Cir. 2007); Clark v. City of Dublin, Ohio, 178 F.App'x. 522, 524 (6th Cir. 2006); Clifton v. Georgia Merit System, 478 F. Supp 2d. 1356 (N.D. Ga. 2007). Because 42 U.S.C. § 2000e-2 does not reach acts of employment discrimination based on an individual's disabilities, Count II of the complaint fails to state a viable claim against defendants to the extent that it asserts a claim 42 U.S.C. § 2000e-2 based solely upon disability discrimination. However, to the extent that the recitals contained in Count II allege that Frazier was the subject of race, or gender-based employment discrimination, the Court finds that this Count states a viable cause of action under 42 U.S.C. § 2000e-2.

**III.  Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED as follows:

1. To the extent that Counts I and II of the Plaintiff's complaint seek to recover damages from the "the Commonwealth of Pennsylvania, Department of Corrections, State Correctional Institute at Camp Hill"( Complaint ¶ 5(a)) pursuant to 42 U.S.C. §§1981 or 1983, the complaint should be DISMISSED, since §1981 does not permit a cause of action against state actors, and the state is immune from suit under §§1981 and 1983 by virtue of the Eleventh Amendment to the United States Constitution.

2. To the extent that Count II of the Plaintiff's complaint seeks to recover damages from the Commonwealth of Pennsylvania, Department of Corrections, State Correctional Institute at Camp Hill pursuant to 42 U.S.C. § 2000e, et seq., due to alleged acts of discrimination based upon the Plaintiff's claimed disabilities, the complaint should be DISMISSED. However, to the extent that the recitals contained in Count II allege that Frazier was the subject of race, or gender-based employment discrimination, the Court finds that this Count states a viable cause of action under 42 U.S.C. § 2000e-2.

3. To the extent that Counts III and IV of the Plaintiff's complaint seek to recover damages from the "the Commonwealth of Pennsylvania, Department of Corrections, State Correctional

Institute at Camp Hill"( Complaint ¶ 5(a)) pursuant to the Pennsylvania Human Relations Act, 42 Pa.C.S.A. § 951, the complaint should be DISMISSED, since the state is immune from suit under the Eleventh Amendment to the United States Constitution.

4. It is further recommended that the plaintiff be granted leave to amend her complaint to address the deficiencies identified in this report and recommendation, provided that she does so without undue delay, by amending her complaint within 30 days of the entry of an order adopting this report and recommendation.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The

judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 23rd day of September 2009.

*S/Martin C. Carlson*
**United States Magistrate Judge**