# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOLORES FRAZIER,** | : | CIVIL ACTION NO. 1:09-CV-0438 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF CORRECTIONS, STATE CORRECTIONAL INSTITUTION AT CAMP HILL,** | : : : : : : | |
| | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 14th day of December, 2009, upon consideration of the report of the magistrate judge (Doc. 20), to which objections were filed, (Doc. 21), recommending that plaintiff's complaint be dismissed, but that she be granted leave to amend in part, and, following an independent review of the record, it appearing that the claims plaintiff levies against the state and state agency defendants under 42 U.S.C. § 1981 are not cognizable as a matter of law, McGovern v. City of Phila., 554 F.3d 114, 121-22 (3d Cir. 2009); (see also Doc. 20 at 7-8; Doc. 21 ¶ 1 (conceding that Third Circuit precedent does not permit § 1981 claims of this nature)), that plaintiff's claim for discrimination on the basis of disability is not cognizable under the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; (see also Doc. 20 at 12-13; Doc. 21 ¶ 2 (recognizing that claims alleging disparate treatment on the basis of disability must be alleged under the Americans with Disabilities Act, and requesting leave to

amend in order to plead appropriately)), and that the claims for retrospective relief that plaintiff asserts against the state of Pennsylvania, the Pennsylvania Department of Corrections, and the State Correctional Institute at Camp Hill are jurisdictionally barred by the Eleventh Amendment,[1] see U.S. CONST. amend. XI; Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 72-73 (2000); Lombardo v. Pennsylvania, 540 F.3d 190, 194-95 (3d Cir. 2008); (see also Doc. 20 at 9-11; Doc. 21 ¶ 3 (acknowledging that Eleventh Amendment bars claims but urging "a change in the law")), and recognizing that civil rights plaintiffs should typically be granted leave to amend non-futile claims before they are dismissed with prejudice, see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); see also Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (same), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 20) is ADOPTED.

2. The claims described in Counts I-IV of plaintiff's complaint (Doc. 1) shall be DISMISSED.

3. Plaintiff shall be permitted to file, on or before January 11, 2010, an amended complaint that rectifies the deficiencies identified in the report of the magistrate judge (Doc. 20).

4. The above-captioned case is REMANDED to the magistrate judge for further proceedings.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

---

[1] Plaintiff asserts these claims pursuant to § 951 of the Pennsylvania Human Relations Act, 42 PA. CONS. STAT. § 951.